Slip Op. 18-104

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **DIS VINTAGE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant. | **Before: Timothy C. Stanceu, Chief Judge**<br><br>**Court No. 16-00085** |

### OPINION

[Dismissing action for lack of subject matter jurisdiction]

Dated:August 21, 2018

*Joshua A. Levy*, Marlow, Adler, Abrams, Newman & Lewis, P.A., of Coral Gables, FL, for plaintiff.  With him on the brief was *Peter S. Herrick*.

*Amy M. Rubin*, Assistant Director, International Trade Field Office, Civil Division, U.S. Department of Justice, of New York, NY, for defendant.  With her on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, and *Monica P. Triana*, Trial Attorney.  Of counsel on the brief was *Sheryl A. French*, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Stanceu, Chief Judge: In this action to contest the denial of its administrative protest by

U.S. Customs and Border Protection ("Customs" or "CBP"), plaintiff Dis Vintage, LLC ("Dis

Vintage") contests the tariff classification Customs determined upon liquidation for certain

imported articles that plaintiff alleges are "worn" clothing eligible for duty-free tariff treatment.

Before the court is defendant's motion to dismiss this action for lack of subject matter

jurisdiction.  Because less than the full amount of the duties and charges owing had been paid at

the time plaintiff commenced this action by filing the summons, the court rules that it lacks subject matter jurisdiction and grants defendant's motion.

## I. BACKGROUND

Unless otherwise stated, the jurisdictional facts stated in this Opinion are not in dispute.

The entry at issue in this case is Entry No. AFP-1304309-5 (the "Entry"), made at the Port of Miami on April 12, 2013.  On June 21, 2013, Customs liquidated the Entry, classifying the merchandise under subheading 6110.30.30 ("Sweaters, pullovers, sweatshirts, waistcoats (vests) and similar articles, knitted or crocheted: Of man-made fibers: Other"), Harmonized Tariff Schedule of the United States ("HTSUS"), and assessed duty at the rate of 32% *ad val*. On the same day, Customs issued Bill No. 464482210 to Dis Vintage for $9,247.29, comprised of $9,202.56 in duties and $44.73 in pre-liquidation interest.  Dis Vintage filed a protest on July 18, 2013 and mailed a request for accelerated disposition by certified mail to Customs on November 16, 2015.  Plaintiff claimed that the merchandise should be classified under subheading 6309.00.00, HTSUS ("Worn clothing and other worn articles"), free of duty.  The protest was deemed denied on December 16, 2015.

As of April 4, 2016, Bill No. 464482210 remained unpaid.  On or around that date, Customs mailed Dis Vintage a "notice of debt," dated April 4, 2016, identifying a "Full Amount Due Upon Receipt" of $10,031.01 and an "Amount Due After 4-05-16 (including interest)" of $10,057.08.  *See* Def.'s Mem. in Supp. of Mot. to Dismiss for Lack of Jurisdiction at Attach. 2 (July 8, 2016), ECF No. 6 ("Def.'s Br.").  Dis Vintage received the notice of debt on April 11, 2016 and mailed to Customs a check in the amount of $10,031.01, dated April 11, 2016.  Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss for Lack of Jurisdiction 2 (Aug. 16, 2016), ECF No. 10 ("Pl.'s Resp.").  On May 9, 2016, Customs issued another notice of debt stating that the amount

owing on the Entry was $26.16, representing an unpaid balance of $26.07 plus an additional

$0.09 in late payment interest.  Def.'s Br. at Attach. 3.  Dis Vintage alleges that it received this

second notice of debt on May 16, 2016, four days after the May 12, 2016 filing of the summons

commencing this action.  Pl.'s Resp. 2-3.  Customs received the remaining amount due of $26.16

on June 1, 2016.  Def.'s Br. 6.  Plaintiff did not file another summons.

Defendant filed its motion to dismiss on July 8, 2016.  Def.'s Mot. to Dismiss for Lack of

Jurisdiction (July 8, 2016), ECF No. 6; Def.'s Br.  Plaintiff responded on August 16, 2016.  Pl.'s

Resp.  On August 31, 2016, defendant filed its reply.  Def.'s Reply to Pl.'s Opp'n to Mot. to

Dismiss for Lack of Jurisdiction (Aug. 31, 2016), ECF No. 14.  Plaintiff filed a motion for leave

to file a sur-reply on September 9, 2016.  Pl.'s Mot. for Leave of Ct. to File Sur-Reply (Sept. 9,

2016), ECF No. 15.  Granting this motion, the court considers Plaintiff's Sur-Reply to

Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss for Lack of Jurisdiction

(Sept. 9, 2016), ECF No. 15 ("Pl.'s Sur-Reply").

## II. DISCUSSION

Plaintiff alleges that the court has jurisdiction over this action according to 28 U.S.C.

§ 1581(a),[1] which grants this Court exclusive jurisdiction of any civil action commenced to

contest the denial of a protest under section 515 of the Tariff Act of 1930 (the "Tariff Act").

Compl. ¶ 2 (May 13, 2016), ECF No. 4; *see* 28 U.S.C. § 1581(a).  "To invoke the Trade Court's

jurisdiction under subsection (a) [of § 1581], an aggrieved importer must first file a protest under

19 U.S.C. § 1514, which the United States Customs and Border Protection . . . then denies.  Once

Customs denies that protest, the importer must then pay 'all liquidated duties, charges, or

---

[1] All citations to the United States Code herein are to the 2012 edition.

exactions' owed before commencing suit in the Trade Court." *Int'l Custom Prod., Inc. v. United States*, 791 F.3d 1329, 1332 (Fed. Cir. 2015) (citations omitted); *see* 28 U.S.C. § 2637(a) ("A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced . . . ."). A suit to challenge the denial of a protest filed under section 515 of the Tariff Act must be commenced within 180 days after either: (i) the date of mailing of notice of denial of a protest, or (ii) the date of denial of a protest by operation of law. 28 U.S.C. § 2636(a).

Here, there can be no dispute that plaintiff filed a timely protest under 19 U.S.C. § 1514 or that plaintiff's protest was denied. The Entry was liquidated on June 21, 2013 and plaintiff filed its protest on July 18, 2013. *See* 19 U.S.C. § 1514(c)(3) (providing, *inter alia*, that a protest must be filed within 180 days of the date of liquidation). Plaintiff mailed to Customs a request for accelerated disposition, pursuant to 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22, on November 16, 2015. Customs neither allowed nor denied the protest, in whole or in part, within 30 days of plaintiff's mailing the request for accelerated disposition. The protest, therefore, was deemed denied on December 16, 2015. *See* 19 U.S.C. § 1515(b); *see also* 19 C.F.R. § 174.22(d). Plaintiff timely commenced its action by filing its summons with the Clerk of this Court pursuant to USCIT Rule 3 on May 12, 2016—within the 180-day limitation imposed by 28 U.S.C. § 2636(a). Therefore, the jurisdictional question presented is whether plaintiff can be found to have satisfied the requirement of 28 U.S.C. § 2637(a) that, in a suit contesting the denial of a protest under section 515 of the Tariff Act, 19 U.S.C. § 1515, "all liquidated duties, charges, or exactions have been paid at the time the action is commenced." 28 U.S.C. § 2637(a).

In its complaint, plaintiff originally asserted that it had paid "all liquidated duties and fees required in this action for Entry No. AFP-1304309-5." Compl. ¶ 3. The complaint was filed on May 13, 2016—three days before plaintiff alleges it received from Customs the May 9, 2016 notice of debt, which specified that plaintiff owed an additional $26.16. *See* Pl.'s Resp. 2-3. In its response to defendant's motion to dismiss, plaintiff acknowledges that "Plaintiff did not pay the outstanding duties and interest of $26.16 prior to filing the summons." *Id.* at 7.

A. Payment of all Duties, Charges, or Exactions as of the Time an Action is Commenced is a Condition of the Exercise of the Court's Jurisdiction under 28 U.S.C. § 1581(a)

The requirement of 28 U.S.C. § 2637(a) that "all liquidated duties, charges, or exactions have been paid at the time the action is commenced" is a jurisdictional requirement and, accordingly, is not a requirement that may be waived by the court. *See Int'l Custom Prod., Inc.*, 791 F.3d at 1335-38 (explaining that satisfaction of 28 U.S.C. § 2637(a)'s payment requirement is a condition of the government's waiver of sovereign immunity); *Nature's Farm Prod., Inc. v. United States*, 819 F.2d 1127, 1128 (Fed. Cir. 1987) (affirming the dismissal of an action brought under 28 U.S.C. § 1581(a) where plaintiff had not paid the duties and charges owed prior to commencing the action because plaintiff "did not comply with the *jurisdictional requirement* of 28 U.S.C. § 2637(a)" (emphasis added)). The statutory language "at the time the action is commenced" is unambiguous in the factual context of this case and may not be interpreted so as to enlarge impermissibly the jurisdictional grant Congress has established. *See Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) (instructing that jurisdictional statutes must be strictly construed and that a court cannot, "even in the interest of justice, extend [its] jurisdiction where none exists").

B. Upon Commencement of this Action, Not All Duties, Charges or Exactions Had Been Paid

Plaintiff does not argue that all duties and fees had been paid at the time of filing of the summons.  *See* Pl.'s Resp. 7.  Nonetheless, it is incumbent upon the court to determine all jurisdiction facts.  The April 4, 2016 notice of debt stated that the "Full Amount Due Upon Receipt" was $10,031.01 and that the "Amount Due After 04-05-16 (including interest)" was $10,057.08.  *See* Def.'s Br. at Attach. 2 (the April 4 notice of debt).  Dis Vintage received the notice of debt on April 11, 2016 and mailed a check in the amount of $10,031.01, dated that same day.  Pl.'s Resp. 2.

The April 4, 2016 notice of debt was ambiguous.  It informed Dis Vintage that $10,057.08 was the "Amount Due After 04-05-16 (including interest)," but it also stated that the amount of $10,031.01 was the "Full Amount *Due Upon Receipt*."  Def.'s Br. at Attach. 2 (emphasis added).  Based on the latter, it could be argued that Dis Vintage satisfied the jurisdictional requirement of 28 U.S.C. § 2637(a) by paying the $10,031.01 amount, the "Full Amount Due Upon Receipt," on the same day it received the notice of debt, thereby complying fully with the payment terms as Customs had communicated them.  Were such to be found, the subsequent notice of debt, issued May 9, 2016, would be invalid and of no consequence.  Therefore, the jurisdictional fact the court first must resolve is whether Dis Vintage actually did pay the full amount owing when it sent Customs a check for $10,031.01 on the day it received the notice of debt.  The court concludes that it did not.

Dis Vintage received two notices of debt in 2016 prior to the April 4 notice.  The first notice of debt, dated January 25, 2016, stated that the "Full Amount Due Upon Receipt" was $9,981.80 and the "Amount Due After 02-05-16 (including interest)" was $10,006.38.  Pl.'s Resp. at Ex C.  The next notice of debt, dated February 29, 2016, stated that the "Full Amount

Due Upon Receipt" was $10,006.38 and the "Amount Due After 03-06-16 (including interest)"

was $10,031.01.  Def.'s Br. at Attach. 1.  That the notices of debt show interest accruing in

30-day increments was not a matter of discretion on the part of Customs.  In section 505(d) of

the Tariff Act, 19 U.S.C. § 1505(d), Congress provided that "[i]f duties, fees, and interest

determined to be due or refunded are not paid in full . . . , any unpaid balance shall be considered

delinquent and bear interest by 30-day periods."  19 U.S.C. § 1505(d).  Here, interest was added,

and the amounts owing increased commensurately, on February 5, March 6, and April 5, 2016.

The February 29 notice, for example, showed that a new amount, with additional interest

included, would be due on the day that was 30 days after March 6, 2016, i.e., April 5, 2016.  The

February 29 notice accorded with the April 4 notice in setting the date of April 5 as the last date

on which the amount owing would remain at $10,031.01.  In considering the jurisdictional facts

established by the various notices of debt, and not only the April 4 notice, the court must

conclude that the actual amount owing on April 11, 2016 was $10,057.08, not the $10,031.01

that Dis Vintage paid, which was $26.07 less than the full amount.  As the notices showed, the

$10,057.08 amount would be current until the end of the relevant 30-day period, which occurred

on May 5, 2016.  Consistently, the notice of debt dated May 9, 2016 stated that the "Full Amount

Due Upon Receipt" was $26.16 and the "Amount Due After 06-04-16 (including interest)" was

$26.24.  Def.'s Br. at Attach. 3.  Thus, the next 30-day period ended on June 4, 2016 (30 days

from May 5, 2016).  Dis Vintage paid the amount of $26.16 within that period (payment having

been received by Customs on June 1, 2016), satisfying in full its payment obligations on Entry

No. AFP 1304309-5.

The jurisdictional problem in this case arises because Dis Vintage made the final

payment of $26.16 *after* filing its summons on May 12, 2016.  Plaintiff had 180 days following

the deemed denial of the protest to file its summons.  That period did not end until June 13, 2016.

At the time of making its final payment on June 1, 2016, Dis Vintage, therefore, could have

obtained judicial review of the protest denial by commencing a new action but did not do so.

### C. Plaintiff Has Not Established the Elements of Equitable Estoppel

A plaintiff has the obligation of demonstrating that a court has subject matter jurisdiction

over its action.  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182 (1936) ("It

is incumbent upon the plaintiff properly to allege the jurisdictional facts . . . .").  Plaintiff has

failed to do so in this instance.

Dis Vintage argues that it must be excused from the requirement to satisfy the payment

condition of 28 U.S.C. § 2637(a) because Customs failed to provide proper notice of the amount

owing on the Entry, as required by its own billing regulations.  *See* Pl.'s Resp. 3-8.  Although

plaintiff does not expressly so state, its notice argument essentially is grounded in the doctrine of

equitable estoppel.  With respect to this doctrine, the Supreme Court has held that courts do not

possess the power to create an equitable exception to a jurisdictional requirement.  *See Bowles v.*

*Russell*, 551 U.S. 205, 214 (2007) (holding that the Court of Appeals for the Sixth Circuit lacked

jurisdiction over an untimely appeal because "the timely filing of a notice of appeal in a civil

case is a jurisdictional requirement" and "this Court has no authority to create equitable

exceptions to jurisdictional requirements").[2]

---

[2] In contrast, the Supreme Court has allowed the consideration of equitable factors ("equitable tolling") in actions untimely brought against the government where the Supreme Court has determined that the relevant statute of limitations was not jurisdictional.  *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990).  Those cases, however, have no bearing on the present action because, unlike the statutes at issue in *Irwin* and in *Kwai Fun Wong*, 28 U.S.C. § 2637(a) is a (continued . . .)

Here, even were the court to assume, *arguendo*, that conceivably there could be a circumstance under which an equitable exception to the requirement of 28 U.S.C. § 2637(a) might be found to exist, it also would conclude that this case does not present such a circumstance.  Under any equitable estoppel claim, a party must show that: (1) the party against whom equitable estoppel is asserted engaged in misleading conduct; (2) the party asserting equitable estoppel relied on the misleading conduct; and (3) that party suffered injury due to this reliance.  *See, e.g.*, *Mabus v. Gen. Dynamics C4 Sys., Inc.*, 633 F.3d 1356, 1359 (Fed. Cir. 2011).  Dis Vintage has not pleaded facts sufficient to establish these elements.

Dis Vintage argues that the Customs regulations required Customs to provide it a bill every 30 days but that Customs in fact sent out a bill every 35 days.  *See* Pl.'s Resp. 3-6 (citing 19 C.F.R. § 24.3a(d)).  Plaintiff submits that it was not on notice of the amounts that it owed due to the failure of Customs to comply with this notice requirement.  According to Dis Vintage, "for the importer to 'be notified' by Customs for purposes of the billing regulations, Plaintiff *must actually receive notice* of any outstanding amounts owed *every 30 days* after the date of issuance of Customs bill."  Pl.'s Resp. 4.  Plaintiff argues, further, that because it was not on notice of its outstanding duties as a result of Customs's alleged failure, the court should waive the condition of § 2637(a) and not permit the agency's improper actions to deprive the plaintiff of judicial review.  Pl.'s Resp. 6-8.  Plaintiff's view is that § 2637(a) must be interpreted to require Customs to provide adequate notice to the plaintiff of its obligations, in the absence of which § 2637(a) cannot be invoked to effect dismissal of the action.  Pl.'s Resp. 8.

---

(. . . continued)
jurisdictional requirement.  *See Int'l Custom Prod., Inc. v. United States*, 791 F.3d 1329, 1335-38 (Fed. Cir. 2015).

Plaintiff does not establish a causal connection between its allegation that Customs did not comply with the 30-day requirement in § 24.3a(d) and its own failure to ensure that all duties, charges, and exactions had been paid at the time an action is commenced.  What is more, the undisputed jurisdictional facts demonstrate that Dis Vintage was placed on actual notice that payments were owing on the Entry.

In support of its jurisdictional argument, plaintiff quotes certain email communications between its counsel, Mr. Levy, and Customs officials that occurred in April and May of 2016 and that concerned the payment status pertaining to the Entry.  *See* Pl.'s Sur-Reply at Ex. A. According to plaintiff, on April 29, 2016, Mr. Levy emailed Ms. Kristen Geroff, a Customs official, asking her to confirm that "CBP has received and processed our client's payment for this bill [i.e., Bill No. 464482210]."  *Id.*  Twenty-nine minutes later, Ms. Geroff confirmed that "the payment has been received and will be applied shortly."  *Id.*  On May 5, 2016, Mr. Levy emailed Ms. Geroff asking her to confirm that "CBP has applied our client's payment for this duty bill as described below."  *Id.*  Apparently due to a lack of response, Mr. Levy emailed Ms. Geroff again on May 9, 2016 to "confirm payment has been applied for DIS Vintage's duty bill" because "[w]e want to file a summons as soon as possible, and need to know Customs has formally accepted the payment in its system."  *Id.*  Mr. Edward Barnett, a "Lead Staff Accountant" at Customs, replied three minutes later, stating that "$10,031.01 was applied to bill #46448221 [*sic*], entry #AFP-13043095 on April 25, 2016."  *Id.*  Plaintiff argues that in this exchange Customs was "not completely transparent" and accuses Customs of not being "open and honest about the bill's 'open' status," on the premise that in responding to plaintiff's emails Customs failed to alert plaintiff that it had an outstanding balance.  *Id.* at 3.

Plaintiff's arguments about a lack of transparency on the part of Customs do not make

out a case of equitable estoppel because neither of the two responses Mr. Levy received from

Customs stated that all charges owing on Entry No. AFP-1304309-5 had been paid in full.  The

May 9, 2016 response from Mr. Barnett stated that $10,031.01 was applied on April 25, 2016 to

the bill pertaining to the Entry.  This came in response to Mr. Levy's request that Customs

"confirm payment has been applied for DIS Vintage's duty bill" because "[w]e want to file a

summons as soon as possible, and need to know Customs has formally accepted the payment in

its system."  Pl.'s Sur-Reply at Ex. A.  Mr. Barnett, who is identified in his email signature as the

Lead Staff Accountant, did not provide, and reasonably could not have been expected to provide,

legal advice on what must be paid prior to the filing of a summons.  In any event, on May 16,

2016, a week after its counsel received Mr. Barnett's communication, Dis Vintage received

actual notice that Customs considered a specific amount, $26.16, to have remained owing on

Entry No. AFP-1304309-5, for May 16, 2016 is the date upon which Dis Vintage received the

May 9, 2016 notice of debt sent by Customs.  Plaintiff does not dispute that it actually owed

Customs the amount stated in that notice, $26.16, and as the court discussed previously, that

amount actually *was* owing.  Dis Vintage also knew on the date it received the May 9 notice

(May 16, 2016) that four days earlier, on May 12, 2016, it had filed its summons to commence

this action.  Despite having actual notice of these controlling facts, Dis Vintage did not avail

itself of the opportunity to commence another action by filing a new summons once the full

amount of duties, charges, or exactions had been paid, an event that occurred on June 1, 2016.

Plaintiff does not argue that it was misled by the ambiguity in the April 4, 2016 notice of

debt that the court discussed previously, but even were plaintiff to make this argument, the court

could not exercise jurisdiction on the basis of the flaw consisting of the ambiguity in that notice.

Any confusion on the part of Dis Vintage as to whether Dis Vintage's payment in response to the

April 4 notice was sufficient to satisfy fully the payment obligations on Entry No. AFP 1304309-

5 was removed by the subsequent, i.e., May 9, 2016, notice of debt.  That notice placed Dis

Vintage on notice that Customs still considered money to be owing on the Entry.

        Because Dis Vintage fails to satisfy the traditional elements of equitable estoppel, the

court need not consider the more general question of whether a claim of equitable estoppel could

even be made against the government.  *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414,

422-23 (1990) (in which the Supreme Court left "for another day whether an estoppel claim

could ever succeed against the Government" but also noted that "we have reversed every finding

of estoppel that we have reviewed").  Nor need the court consider what additional criteria would

have to be met when it is the government that is sought to be estopped.  As the Supreme Court

has instructed, "the government may not be estopped on the same terms as any other litigant"

and, were estoppel to be available at all, some form of affirmative misconduct would need to be

shown in addition to the traditional requirements of estoppel.  *See Heckler v. Cmty. Health Servs.*

*of Crawford County, Inc.*, 467 U.S. 51, 60 (1984).  The undisputed facts do not come close to

establishing that Customs engaged in any form of affirmative misconduct.

        In conclusion, plaintiff has not demonstrated grounds upon which equitable estoppel

could suffice, even were the court to assume, *arguendo*, that equitable estoppel could apply in a

circumstance involving a jurisdictional requirement.  Plaintiff's factual allegations do not amount

to an assertion that any government official incorrectly advised it that all payment obligations as

to the Entry had been satisfied.  Nor does plaintiff allege that any government official made a

misrepresentation that could have caused Dis Vintage to conclude that it need not satisfy the

payment requirement of 28 U.S.C. § 2637(a) as of the time of commencing this action.  There is

no indication that a government official advised Dis Vintage that, in the circumstance presented,

Dis Vintage need not commence a new action.  Finally, facts have not been established to show

that any lack of notice resulted in plaintiff's failure to ensure that all payments had been made at

the time the action was commenced.

### III. CONCLUSION

For the reasons discussed above, the court concludes that it lacks subject matter

jurisdiction.  Judgment dismissing the action will enter accordingly.

<u>/s/ Timothy C. Stanceu</u>
Timothy C. Stanceu
Chief Judge

Dated:   August 21, 2018
            New York, New York